

**Entered on Docket
October 06, 2010**

_____
**Hon. Bruce A. Markell
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

\* \* \* \* \* \*

| | | |
|---|---|---|
| In re: | ) | Case No.: BK-S-09-16141-BAM |
| | ) | |
| HOWARD A. SCOTT and GAYLE A. SCOTT | ) ) ) | Chapter 7 |
| Debtors. | ) ) | |
| | ) | Adv. No.: 10-01200-BAM |
| HOWARD A. SCOTT and GAYLE A. SCOTT, | ) ) ) | |
| | ) | Date:  N/A |
| Plaintiffs, | ) ) | Time:  N/A |
| v. | ) ) | |
| INTERNAL REVENUE SERVICE, UNITED STATES GOVERNMENT, | ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM AND ORDER DENYING MOTION TO RECONSIDER**

**Introduction**

Howard A. Scott and Gayle A. Scott (the Scotts), acting *pro se*, have filed with the court a pleading entitled "Request That the 'Order to Dismiss' Adversary Proceeding 10-1200-BAM is Vacated and That a Remand Order for a New Date for the Hearing be Set." Dkt. No. 19. As explained below, the court will deny this motion and will not reconsider its order dismissing the Scotts' adversary proceeding.

**Facts**

The Scotts filed for bankruptcy under chapter 7 of the Code on April 22, 2009. The Scotts then filed a "Motion for Judicial Abatement of Tax Refunds" on April 28, 2009. In this motion, the Scotts requested that the court order the IRS to remove the tax liens it had placed on their residence and to refund what they alleged to be overpayments of income taxes. On July 14, 2009, the court held a hearing on the Scotts' motion, and the motion was subsequently denied. The Scotts' appealed, and the United States Bankruptcy Appellate Panel of the Ninth Circuit found that because the United States was not properly served, the bankruptcy court was without jurisdiction to decide the merits of the Scotts' motion for abatement. The Bankruptcy Appellate Panel opinion, in explaining why the service was not proper, detailed what constituted proper service of an agency of the United States.

Next, the Scotts instituted an adversary proceeding on June 14, 2010, asking for much the same relief as they previously had by motion. Dkt. No. 1. The United States, acting on behalf of the Internal Revenue Service, moved to dismiss the case on July 29, 2010. Dkt. No. 6. In the memorandum filed in support of the motion to dismiss, the United States argued, among other things, that the Scotts' complaint should be dismissed for insufficient service of process under Rule 7012(b) of the Federal Rules of Bankruptcy Procedure (Bankruptcy Rules) and Rule 12(b)(5) of the Federal Rules of Civil Procedure (Federal Rules). Dkt. No. 7. A hearing was held on the motion to dismiss on September 21, 2010. After hearing argument from both parties, the court determined that the case would be dismissed without prejudice for insufficient service of process, and an order granting dismissal has been entered. Dkt. No. 20.

The Scotts have filed a pleading titled "Request That the 'Order to Dismiss' Adversary Proceeding 10-1200-BAM is Vacated and That a Remand Order for a New Date for the Hearing be Set." Dkt. No. 19. In the motion, the Scotts argue that they did make proper service and present evidence which they purport to support their position.

## Characterization of the Scotts' Motion

It is difficult to determine from its title the exact characterization that should be given to the Scotts' "Request That the 'Order to Dismiss' Adversary Proceeding 10-1200-BAM is Vacated and That a Remand Order for a New Date for the Hearing be Set." However, under Federal Rule 8(e), "[p]leadings should be liberally construed in the interests of justice, particularly when the pleader is not learned in the law." *Johnson v. Reagan*, 524 F.2d 1123, 1124 (9th Cir. 1975); *see also SEC v. Elliot*, 953 F.2d 1560, 1582 (9th Cir. 1992) (Courts "should use common sense to determine what relief" a *pro se* filer is requesting.). Federal Rule 8(e) applies in adversary proceedings. FED. R. BANKR. P. 7008. The contents of the pleading filed by the Scotts show that they are asking the court to reconsider its decision to dismiss their adversary complaint against the Internal Revenue Service. Thus, the court considers this a motion to reconsider and will apply the appropriate Federal Rules to the Scotts' motion.

## Federal Rule Applicable to a Motion to Reconsider

The Federal Rules of Civil Procedure do not explicitly recognize a motion to reconsider. *See In re Walker,* 322 B.R. 820, 826 (Bankr. D. Nev. 2005) (citing *Captain Blythers, Inc. v. Thompson (In re Captain Blythers, Inc.*, 311 B.R. 530, 539 (B.A.P. 9th Cir. 2004)). The Federal Rules of Bankruptcy Procedure similarly do not explicitly recognize such a motion. Under the Federal Rules "a 'motion for reconsideration' is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure Rule 59(e) if it is filed within ten days of entry of judgment." *Am. Ironworkers & Erectors Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). By operation of Bankruptcy Rule 9023, which incorporates Federal Rule 59, the motion must be filed "no later than 14 days after entry of judgment" in order to be considered under Federal Rule 59(e). FED. R. BANKR. P. 9023. If a motion to reconsider is filed after the 14-day deadline, "it is treated as a Rule 60(b) motion for relief from a judgment or order," incorporated into bankruptcy proceedings by Bankruptcy Rule 9024. *Am. Ironworkers*, 248 F.3d at 899; FED. R. BANKR. P. 9024.

As discussed above, the Scotts' "Request That the 'Order to Dismiss' Adversary Proceeding

10-1200-BAM is Vacated and That a Remand Order for a New Date for the Hearing be Set"will be titled as a motion to reconsider, as discussed above.  The Scotts filed the motion in question before the order dismissing their adversary complaint was even docketed, it is clearly within the 14 day deadline, and as such will be considered under Federal Rule 59(e).

Federal Rule 59(e) "has generally been invoked only to support reconsideration of matters properly encompassed in a decision on the merits." *White v. N.H. Dept. of Emp't Sec.*, 455 U.S. 445, 451 (1982).  That is to say, the motion must question the correctness of the court's decision or involve the reconsideration of matters encompassed by the court's decision.  *See Phelps v. Hamilton*, 122 F.3d 1309, 1323-24 (10th Cir. 1997).  The Scotts' motion asks the court to reconsider the merits of its decision to dismiss the adversary complaint, and thus properly invoke Federal Rule 59(e).

**Applicability of Federal Rules and Bankruptcy Rules to *Pro Se* Litigants**

During the hearing on the United States' motion to dismiss, in this motion to reconsider, and in other previous pleadings, the Scotts have sought special treatment because they are *pro se* litigants facing what they consider to be a dishonest and deceptive government.  *Pro se* litigants "may plead and conduct their own cases personally" in any court of the United States, but must follow "the rules of such courts."  28 U.S.C. § 1654 (2010).  While pleadings, especially those of *pro se* litigants, are to be construed to do justice, court rules apply with equal force to *pro se* litigants as they do to parties represented by counsel.  *See Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("First and foremost is that *pro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record.").  Courts trying civil cases "generally do not intervene to save litigants from their choice of counsel, even when the lawyer loses a case because he fails to file opposing papers." *Id.*  Therefore, "[a] litigant who chooses *himself* as legal representative should be treated no differently." *Id.*; *see also United States v. Pinkey*, 548 F.2d 305 (10th Cir. 1977) ("He who proceeds *pro se* . . . does so with no greater rights than a litigant represented by a lawyer, and the trial court is under no obligation to become an 'advocate' for or to

4

assist and guide the *pro se* layman through the trial thicket.").[1]  Thus, a *pro se* litigant "is expected to abide by the rules of the court in which he litigates."  *Carter v. Comm'r*, 784 F.2d 1006, 1008-09 (9th Cir. 1986) (citing *Taylor v. Comm'r*, 771 F.2d 478, 479-80 (11th Cir. 1985) (per curiam); *United States v. Merrill*, 746 F.2d 458, 465 (9th Cir. 1984)).

Because *pro se* litigants are not entitled to any special treatment, all rules of evidence and procedure are applicable to the Scotts.  The Scotts must follow these rules, just as must every other litigant who appears before this court.  The court will apply the same generally applicable standard to the Scotts' motion to reconsider as it would to any litigant.

### Evaluation of the Scott's Motion to Alter or Amend

Under Federal Rule 59(e), a motion to reconsider should only be granted when it is necessary to: (1) take account of an intervening change in controlling law, (2) take account of newly discovered evidence, (3) correct clear legal error, or (4) prevent manifest injustice.  *Un. Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009); 12 MOORE'S FEDERAL PRACTICE, § 59.30 (3d ed. 2010); *see also Hale v. United States Trustee (In re Bashram)*, 208 B.R. 926, 934 (B.A.P. 9th Cir. 1997); *Walker*, 322 B.R. at 827.  In the Ninth Circuit, the correction of clear legal error and the prevention of manifest justice are often considered together.  *See Un. Nat. Ins. Co.*, 555 F.3d at 780.  However, for clarity, the court here will consider in turn each of the four grounds for reconsideration under Federal Rule 59(e).

*Change in Intervening Law*

Reconsideration is appropriate when there "is an intervening change in controlling law."  *Quinones-Ruiz v. United States*, 873 F.Supp. 359, 361 (S.D. Cal. 1995) (citing *School Dist. No. 1J v. Acand S Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  The Scotts alleged no change in the law governing motions to dismiss for insufficient service of process under Federal Rule 12(b)(5), and Bankruptcy

---

[1] Criminal litigants appearing *pro se* are given some special protections, but the 9th Circuit has not expanded those protections to *pro se* litigants in civil proceedings.  *See Jacobsen*, 790 F.2d at 1364-65 n. 4.

5

Rule 7012(b). After undertaking its own research, the court finds none. Nor is a change likely to have occurred in the short period of time that has elapsed since the court dismissed the Scotts' adversary case. Thus, having considered this ground, the court finds it inapplicable to the Scotts' motion to reconsider.

*Newly Discovered Evidence*

Newly discovered evidence is evidence that was "previously unavailable" to the moving party. *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). For this reason, "a party that fails to introduce facts in a motion or opposition cannot introduce them later in a motion to amend by claiming they constitute 'newly discovered evidence.'" *Id.* (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)).

The Scotts do not present any newly discovered evidence. The evidence they advance in their motion to reconsider was neither unknown to them at the time of the hearing nor unavailable to them at any time. Indeed, according to the Scotts' motion, the evidence contained within the motion to reconsider was in the possession of the Scotts at all times, including at the time the hearing was held. Dkt. No. 19. It would be unfair to both the Internal Revenue Service and the system of justice generally to allow the Scotts to cure their defect of evidence through this motion to alter or amend.[2] More simply stated, the evidence advanced by the Scotts is not new, it is improper for the court to consider this evidence, and thus, the court finds that there is no newly discovered evidence to support granting the Scotts' motion to reconsider.

---

[2] Even if the court were to consider this evidence as "newly discovered," the evidence would still be insufficient to support the alteration or amendment of the court's order of dismissal. The evidence in the motion, with the evidence previously filed and the evidence presented at trial, does not satisfy the requirements for proper service on an agency of the United States, as set out in Bankruptcy Rule 7004(b)(5). As discussed above, and as the 9th Circuit Bankruptcy Appellate Panel made clear to the Scotts in its published opinion, this rule, along with all other rules, applies to the Scotts, even though they appear *pro se*. *See Scott v. United States (In re Scott)*, --- B.R. ---, 2010 WL 3173104 (B.A.P. 9th Cir. 2010).

6

1  *Clear Legal Error*

2  The court should grant a Federal Rule 59(e) motion "when the court commits clear legal
3  error; this error may be a mistake in either law or fact."  12 MOORE'S FEDERAL PRACTICE, § 59.30
4  (3d ed. 2010); see also *United Nat. Ins. Co.*, 555 F.3d at 780.  The Scotts' motion to reconsider did
5  not allege that the court committed any clear legal error, either of law or fact.  Dkt. No. 19.

6  After the United States moved to dismiss the case for insufficient service under Federal Rule
7  12(b)(5) and Bankruptcy Rule 7012(b), the court properly determined that in order for service of the
8  Scotts' adversary complaint to be deemed sufficient, the service must have complied with
9  Bankruptcy Rule 7004(b)(5).  Under this rule, service on an agency of the United States government
10 is completed by: (1) mailing a copy of the summons and complaint addressed to the civil process
11 clerk at the office of the United States attorney for the district in which the action is brought, (2)
12 mailing a copy of the summons and complaint to the Attorney General of the United States at
13 Washington, District of Columbia, and (3) by mailing a copy of the summons and complaint to the
14 agency.  FED. R. BANKR. P. 7004(b)(5).  All three separate mailings must be made and evidence
15 proving each mailing is required.  *Id*.  "[I]f the plaintiff has mailed a copy of the summons and
16 complaint either to the civil process clerk at the office of the United States attorney or to the
17 Attorney General of the United States," the court shall allow time to cure "the failure to mail a
18 copy" to the agency.  *Id*.

19 The Scotts presented no evidence prior to or at the hearing on the United States' motion to
20 dismiss for insufficient service of process that they had fully complied with the service requirements
21 of Bankruptcy Rule 7004(b)(5).  There was no evidence presented that a copy of the summons and
22 complaint had been addressed to and mailed to the civil process clerk of the United States attorney
23 for the District of Nevada.[3]  Similarly, there was no evidence presented that a copy of the summons

---

[3] While it is possible that the Scotts served the United States attorney for the District of Nevada, this mailing was not addressed to the civil process clerk, as the rule requires.  The Federal Rules and Bankruptcy Rules are neither horseshoes nor hand grenades, and thus close is not good enough.

7

and complaint was mailed to the Attorney General of the United States.  The Scotts had ample time to correct the deficient service, as allowed by the Bankruptcy Rule, but did not do so.  The court made no mistake of law or fact constituting a legal error.

The court correctly applied Bankruptcy Rule 7004(b)(5) to the evidence presented by the Scotts.  It made no clear error of law or of fact in reaching its decision to dismiss the adversary complaint filed against the Internal Revenue Service.  Finding no legal error, the court determines that this ground does not support the Scotts' motion to reconsider.

*Manifest Injustice*

A motion to reconsider under Federal Rule 59(e) may be granted when the court's action "creates or results in a manifest injustice." 12 MOORE'S FEDERAL PRACTICE, § 59.30 (3d ed. 2010). What constitutes manifest injustice is not completely clear, but it is suggested that the refusal to consider evidence, the failure to honor its representations to litigants, or the determination of the merits of matters not scheduled to be before the court are all manifestly unjust. *See Duarte v. Bardales*, 526 F.3d 563, 567-68 (9th Cir. 2008).

In this case, there are no facts that support a finding of manifest injustice.  The court fully considered all of the evidence presented by the Scotts both before and during the hearing on the motion to dismiss.  The court gave the Scotts ample opportunity to correct the improper service, even though they were already well aware of the requirements for proper service. *See Scott v. United States (In re Scott)*, --- B.R. ---, 2010 WL 3173104 (B.A.P. 9th Cir. 2010).  Finally, the court only ruled on the sufficiency of service.  It did not determine the merits of the claims presented by the Scotts in their complaint.  The court's dismissal of the Scotts' adversary complaint was not manifestly unjust, and thus this ground does not support granting the Scotts' motion to reconsider.

**Conclusion**

As discussed above, in liberally construing the "Request That the 'Order to Dismiss' Adversary Proceeding 10-1200-BAM is Vacated and That a Remand Order for a New Date for the Hearing be Set," the court has determined that this filing is properly treated as a motion to

8

reconsider.  The court has further determined that this motion to reconsider should be considered as a motion to alter or amend under Federal Rule 59(e).  After applying each of the Federal Rule 59(e) grounds to the Scotts' motion, the court concludes that the dismissal for insufficient service of process was proper and that the Scotts' motion is without merit.  Therefore, the Scotts' motion to reconsider the dismissal of their adversary complaint is hereby DENIED.

Copies sent to:

BNC MAILING MATRIX

VIRGINIA CRONAN LOWE on behalf of Defendant INTERNAL REVENUE SERVICE
virginiacronan.lowe@usdoj.gov, Western.Taxcivil@usdoj.gov

GAYLE ANN SCOTT
3950 SO. SANDHILL RD. #101
LAS VEGAS, NV 89121

HOWARD ALLEN SCOTT
3950 SO. SANDHILL RD. #101
LAS VEGAS, NV 89121

# # #